**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4476**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GEORGE GUNTER,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-00462-RBH-2)

Submitted:  March 29, 2012          Decided:  April 17, 2012

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Wesley Locklair, LOCKLAIR & LOCKLAIR, PC, Columbia, South
Carolina, for Appellant. Alfred William Walker Bethea, Jr.,
Robert Frank Daley, Jr., Assistant United States Attorneys,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Gunter was named in Counts One and Six of a six-count indictment. Count One charged Gunter and four others with conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). Count Six charged Gunter and another man with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2006). Gunter pled not guilty to both counts.

After hearing evidence and deliberating, the jury returned a verdict form finding Gunter not guilty as to Count Six, and guilty as to Count One, but with no finding as to the drug quantity attributable to Gunter. The court composed a further instruction to the jury acceptable to both parties, identifying the inconsistency on the verdict form and clearly setting forth the jury's options. The jury again returned a guilty verdict as to Count One, this time identifying a quantity of drugs attributable to Gunter. Gunter was sentenced to 151 months in prison and timely appealed. We affirm.

On appeal, Gunter's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether the jury's initial, inconsistent verdict form requires reversal of Gunter's conviction. Although informed of his right to do

2

so, Gunter has not filed a pro se supplemental brief. The Government declined to respond.

"[I]t has long been settled that inconsistent jury verdicts do not call into question the validity or legitimacy of the resulting guilty verdicts." United States v. Green, 599 F.3d 360, 369 (4th Cir. 2010) (citing United States v. Powell, 469 U.S. 57, 64 (1984); Dunn v. United States, 284 U.S. 390, 393 (1932)). Here, in any event, the district court's additional instruction and the jury's ultimate verdict removed any inconsistency. Therefore, this claim entitles Gunter to no relief.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Therefore, we affirm the judgment of the district court. This court requires that counsel inform Gunter, in writing, of his right to petition the Supreme Court of the United States for further review. If Gunter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gunter. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED